# IN THE MATTER OF F. ALSINA & COMPANY, S. EN C., and Francisco Alsina Torres, Bankrupt.

Ponce, In Bankruptcy, No. 93.

ON VOLUNTARY PETITION IN BANKRUPTCY.

**Bankruptcy—Limited Partnerships.**

1. The sociedad en comandita under the Porto Rican Law is not in all respects a limited partnership whose capital subscribed is alone responsible for the debts. Whether it is to be treated as a corporation or a limited partnership is not raised by the pleadings.

**Partnership—Nonjoining Partner.**

2. Where a petition in bankruptcy is filed by one partner, the nonjoining partner is entitled to notice, whether it be a limited or a general partnership. As to the nonjoining partner, it is a voluntary proceeding, and debts to the amount of $1,000 must be alleged and proved.

**Partnership—Liquidators.**

3. Liquidation under Porto Rican law is different from assignment for the benefit of creditors. The liquidators are not the successors, but rather take the place, of a partnership. If they file an answer to a petition in bankruptcy by a partner, they will be heard.

**Public Document—Private Document.**

4. While papers not public do not under the Porto Rican Civil Code bind third persons, they do bind the parties themselves. It is complete if all parties sign except one who does not have to sign.

**Partnership—Dissolution.**

5. The nonconsenting partner may contest the allegation of insolvency, the indebtedness of $1,000, and whether the partnership has been dissolved.

**Insolvency—Admission.**

6. Where insolvency is admitted by the pleadings, it need not be proved.

In the Matter of F. Alsina & Co.

Amount of Indebtedness—Burden.

    7. The burden is on the petitioner to prove as part of his case that the debts amount to $1,000, and if this is not done by a preponderance of evidence, the petition will be dismissed.

Assignment—Voluntary Bankruptcy.

    8. A debtor who has constituted liquidators under the Porto Rican Code has substituted liquidators in his stead for the purpose of winding up his business, and cannot afterwards, in the absence of fraud, file a petition in bankruptcy. A creditor, however, is in a different position.

Opinion filed February 17, 1914.

———

*Mr. Jas. C. Seix* for petitioner.

*Mr. José A. Poventud* for Angela Ferrer.

HAMILTON, Judge, delivered the following opinion:

The facts developed by the evidence in this case seem to be that F. Alsina & Company, S. en C., was a limited partnership (sociedad en comandita) at Ponce under the Porto Rican law. F. Alsina was the managing partner or gestor, and Angela Ferrer was the silent partner or comanditario. Angela Ferrer was interested only to the amount of $1,000 paid in. On July 16, 1913, its place of business was injured by fire, and this resulted in legal proceedings and attachment of property, insurance, and book accounts. Many of the creditors thereupon got together, and it was arranged between them and the firm that the property should be turned over to liquidators to wind up the business. This followed substantially the Porto Rican

Code of Commerce, article 229. Under this arrangement considerable progress was made and dividends paid. There was a dispute as to several claims which the liquidators did not think valid, but otherwise no objection appeared on the part of any creditor. F. Alsina, however, became dissatisfied with the administration of affairs, and had unsuccessful interviews with the liquidators. On the 18th of November, 1913, F. Alsina executed the usual petition and schedules in bankruptcy, seeking to have the firm declared a bankrupt. There was at the time no deputy clerk at Ponce, and the papers were mailed to the clerk of the district court at San Juan, by whom they were filed at 10 A. M. on November 21, 1913. It would seem that dividends on a number of claims were paid by the liquidators on November 18. There had been no final settlement. Bankrupt act, § 5a.

Angela Ferrer did not consent to the proceedings, and notice was given her accordingly. The liquidators were not recognized in the proceedings, but they have filed an answer by which they also seek to intervene in the proceedings.

Under these circumstances a number of interesting questions arise.

1. Under Bankruptcy Law, § 1, subsec. 6, corporations and the proceedings in regard to them "shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association." [30 Stat. at L. 544, chap. 541, U. S. Comp. Stat. 1901, p. 3419.] The distinction might be important, but in this case the question is not raised as to whether the proceedings should be on behalf of a corporation or on behalf of a private partnership, and so it is not necessary to decide it.

The point would not be one of jurisdiction, but one of procedure. It might be observed in passing, however, that limited partnerships in Porto Rico (sociedad en comandita) do not, under the law, form associations by which the capital alone is responsible for the debts. This applies only to the part of the capital subscribed by the silent partner.

2. This being a partnership petition where all do not join, it is involuntary as to the nonjoining partner (General Order 8, Bankruptcy), and she is entitled to set up the defense of solvency. It is true that her interest is limited to the $1,000 subscribed, but she is entitled to be heard as to what affects the amount so subscribed. The limited nature of the partnership, however, will prevent any proceedings against the nonconsenting partner individually, as is usual in the case of general partnerships. This would take it out of the rule in § 5g that partnership claim can be proved against her individual estate.

It is provided that where a partner does not join, the proceeding, at least up to adjudication, is in the nature of an involuntary proceeding, and is governed accordingly. General Order 8. One of the results of this is that there has to be allegation and proof that the debts amount to $1,000. Bankruptcy Law, § 4b. This allegation is made in the petition at bar.

3. The liquidators were not summoned as defendants, but have voluntarily filed an answer, setting up the facts that the partnership assets and administration had been turned over to them. The same facts are set out in the answer of Angela Ferrer, the nonconsenting partner, so that the facts are in any event before the court. There might well be a case, however, in which the active and the silent partners both desired an

In the Matter of F. Alsina & Co.

adjudication in bankruptcy, when in point of fact the property had previously been turned over to liquidators, and therefore the point of practice should be decided. It is true that creditors cannot appear in opposition to a voluntary petition for an adjudication of bankruptcy. Re Carleton, 8 Am. Bankr. Rep. 270. Their interest is in the property, and that is necessarily turned over by the creditor by the act of filing his petition. If all is not turned over, that may be arranged by proceedings of the trustee when appointed. Collier, Bankr. 7th ed. p. 96, Re Carleton, supra.

Liquidation under the Porto Rican law, however, is somewhat different from an assignment for the benefit of creditors. It absolutely takes the place of the partnership. The liquidators are not successors of the partnership for the purpose of carrying on future business, but they represent the partnership for all present purposes, which are limited to winding up its affairs. They are vitally interested in the question of bankruptcy, because it removes them from office and takes away administration of the property which they had begun under the local law. On the other hand, if they do not administer the assets properly, the partnership should have recourse against them. It seems upon the whole, therefore, that the alleged bankrupt should have the right to come into the court of bankruptcy with his petition, but the question as to whether he has anything to be administered is one which the liquidators holding the property should be allowed to contest. The question is whether the old firm or its liquidators can file a petition in bankruptcy, and it would seem that the liquidators should have their day in court on this point. The proceedings, therefore, should embrace them, and their answer in this case will be taken

into account. It is not necessary to decide in this case that notice must issue to such liquidators. All that is decided is that when the liquidators file an answer and appear, as here, it will be considered.

4. The petitioner contends that the paper constituting the liquidators was a private document, inasmuch as it was drawn to embrace a certain number of creditors, and one, being otherwise settled with, did not execute the instrument, which, therefore, was not filed of record. Not being a public instrument, it is argued that it is not binding. Porto Rican Civil Code, §§ 1247, 1248. As to this, however, it is sufficient to say that there is no third person interested in this application. The present proceeding is one between the parties to the very instrument in question. No paper has to be authenticated before a notary and filed for record in order to bind the parties to it. The only defense to such a paper would be that it was not complete, that something was left to be done. In the case at bar nothing was left to be done between the parties to it. All parties signed except one who did not need to sign. If there is any informality in this, it was not one to the disadvantage of the petitioner.

5. Having disposed of the preliminary questions of pleading and practice, it remains to discuss the merits of this application for an adjudication of F. Alsina & Company, S. en C., as bankrupts.

There are probably three questions to be decided. In the first place, the nonconsenting partner may contest the allegation of insolvency, and she may also contest the allegation of $1,000 indebtedness which is found in the petition. How far the liquidators are concerned with these two questions need not

In the Matter of F. Alsina & Co.

now be determined. There is, however, a third matter which the nonconsenting partner and the liquidators also are concerned in,—that is, the question whether the partnership has been dissolved, and whether, even after such dissolution, there has been a final settlement of its affairs.

6. Insolvency, however, need not be further considered, as it is admitted by the pleadings, and therefore need not be proved.

7. It may be that in this case it was necessary under the pleading to prove indebtedness to the amount of. $1,000. This seems to follow also from the proceeding being involuntary. It is not at all clear to the court that this proof has been made. By agreement, several large contested claims are not to be considered in making up the jurisdictional amount, and the proof necessary to establish other claims making up that amount is a matter of doubtful inference. The burden is upon the petitioner to prove his petition, and that burden as to $1,000 of debts has not been met by a preponderance of evidence. Re Pinson, 180 Fed. 787.

8. It may be that a debtor who has made an assignment for the benefit of his creditors can subsequently take the benefit of the bankruptcy act as a voluntary bankrupt (1 Loveland, Bankr. p. 349), but this does not apply to one who has constituted liquidators under the Porto Rican Code. Such a debtor is bound by the instrument under which he has substituted the liquidators in his stead for the purpose of winding up his business, with the possible exception of fraud affecting him in carrying out the arrangement. Such fraud on the part of the liquidators is not shown in the case at bar, and, if it were, would authorize resort to equity rather than bankruptcy. It may

In the Matter of F. Alsina & Co.

well be that a creditor who does not think himself protected in the proceedings in liquidation may file a petition in bankruptcy to set aside the deed to which he was not a party. He has a right to prefer the bankruptcy proceedings to those in liquidation under the local law. If an application should come from such a creditor, the court would regard it. But such application cannot come from a partner himself. He has devested himself of all right to bring the firm into bankruptcy, and as to him the partnership has been dissolved and a final settlement had.

The petition, therefore, must be dismissed.